IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARL BENNETT, | ) | CASE NO. CR405-008 |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant Carl Bennett's letter to the Court asking for a reduction in his sentence. (Doc. 68.) Also before the Court is the Government's response, requesting that the Defendant's letter be construed as Defendant's first § 2255 petition. (Doc. 69.) This Court has carefully considered Defendant's letter and the Government's response and issues the following order. Defendant is **WARNED** to **carefully read this order** before filing a § 2255 petition.

### BACKGROUND

Defendant Bennett was sentenced to a term of 194 months of imprisonment, a term of 5 years of supervised release, and a $100.00 dollar special assessment, for one count of Possession of Firearm by a Convicted Felon. (Doc. 53.) After his case was affirmed on appeal, Defendant filed several Motions to Appoint Counsel to aid him in filing his habeas petition, which would include ineffective assistance of counsel claims. (Docs. 63, 65 & 66.) This Court dismissed those Motions, but directed the

Clerk to send Defendant the form for filing a pro se § 2255 petition. (Doc. 67.) Defendant never filed that petition.

Subsequently, Defendant wrote a letter to this Court. (Doc. 68.) Therein, he asks this Court to reduce his sentence under 18 U.S.C. § 3582, or with a "sua sponte" order. Defendant argues that this Court should reduce his sentence pursuant to the recent Supreme Court decision in <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), and its application in <u>United States v. Boardman</u>, No. 07-1030, (1st Cir. June 11, 2008) (interpreting <u>Kimbrough</u> to hold "that district judges may deviate from the guidelines even on the basis of categorical policy disagreements"). The Government responds that the letter raises issues properly brought in a § 2255 petition and that Defendant's letter should be construed accordingly. (Doc. 69.)

### ANALYSIS

Defendant's letter and the Government's response place two issues before this Court. First, the Court must determine whether Defendant's letter raises an issue properly brought in a § 2255 petition. If so, this Court must then decide whether to provide Defendant with <u>Castro</u> warnings and construe the letter accordingly. See <u>Castro v. United States</u>, 540 U.S. 375, 381-82 (2003).

1. **<u>The Proper Characterization of Defendant's Letter</u>**

Defendant is attacking the validity of his sentence, based on recent decisions of the United States Supreme Court and the First Circuit Court of Appeals. (Doc. 68.) Defendant contends

2

that if this Court had access to those decisions during his sentencing, his sentence would not have been as harsh. (Id.) Defendant's request is a collateral attack on the length of his sentence, which is properly brought in a § 2255 petition. Birdsell v. Alabama, 834 F.2d 920, 922 n.2 (11th Cir. 1987). Accordingly, this Court must determine whether or not it would be appropriate to construe Defendant's letter as his first § 2255 petition.

2. **The Government's Invitation to Construe the Letter as a First § 2255 Petition**

The Government has asked this Court to construe Defendant's letter as his first § 2255 petition and provide him with Castro warnings. For the reasons that follow, this Court declines the Government's invitation.

The general rule is that courts liberally construe the pleadings when a Defendant proceeds pro se. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Indeed, as the Eleventh Circuit Court of Appeals has specifically stated, "Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). However, as the Supreme Court explained in Castro, Federal Courts undertake this duty to "avoid unnecessary dismissal," to "avoid inappropriately stringent application of formal labeling requirements," and to "create a better correspondence between the substance of a pro

3

se motion's claim and its underlying legal basis." 540 U.S. at 381-82. The Supreme Court went on to explain that there are significant restrictions on this duty when construing a filing as a first § 2255 petition. Id. at 382. These restrictions exist due to the potential for creating an unfair disadvantage to the Defendant. See id. Indeed, by construing a motion as a first § 2255 petition, "the court may make it significantly more difficult for that litigant to file another such motion," by rendering all future § 2255 petitions successive despite the fact that the Defendant never intended to file a first § 2255 petition. Id.

It is clear to this Court that it would be inappropriate to construe Defendant's letter as his first § 2255 petition. Defendant has made multiple motions in which he makes clear his intent to file a habeas petition claiming ineffective assistance of counsel. (Docs. 63 & 66.) Were this Court to accept the Government's invitation one of two results would inevitably occur: (1) Defendant will understand the warnings of this Court, and be forced to withdraw his "motion" to avoid rendering his ineffective assistance of counsel claims successive, or (2) Defendant will not understand the warnings of this Court, and his ineffective assistance of counsel claims will be filed as a successive § 2255 petition. Both results are unacceptable. The former creates excess filing and litigation to the detriment of judicial economy, and the latter unfairly prejudices Defendant's

4

§ 2255 petition. Therefore, this Court declines to construe the letter as Defendant's first § 2255 petition.

## CONCLUSION

After careful consideration of both the consequences of construing Defendant's filing as his first § 2255 petition and Defendant's clear intent to bring other claims in a § 2255 petition, this Court declines to construe his letter to the Court as his first habeas petition. However, as the letter raises issues which can only be properly before the Court as a § 2255 petition, Defendant's request for this Court to reconsider his sentence is **DISMISSED**.

If Defendant wishes to bring the issues in his letter before this Court, he must do so in his § 2255 petition.[1] Defendant is **WARNED** to bring **all** claims in this petition, including the claim in his letter and his claims of ineffective assistance of counsel, as it will be substantially more difficult for him to file future § 2255 petitions after he files the initial petition.

SO ORDERED this 24th day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] This Court sent Defendant the proper form for filing a pro se § 2255 petition approximately six months ago (Doc. 67), however, in case Defendant is not still in possession of that form, the Clerk of Court is **DIRECTED** to send Defendant the standard form for the filing of a pro se § 2255 petition.