UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CARL BENNETT, )
)
    Movant, )
)
v. ) Case No. CV415-283
) CR405-008
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

In *Bennett v. United States*, CV408-224, Carl Bennett unsuccessfully sought 28 U.S.C. § 2255 relief from his felon-in-possession conviction and 194 month sentence.[1] CV408-224, doc. 85 at 1-2 (S.D. Ga. Apr. 27, 2009) (Report and Recommendation), *adopted*, doc. 93 (S.D. Ga. Jan. 7, 2010).[2] He took no appeal. Over a half decade

---

[1] Unless otherwise noted, citations are to the docket in movant's civil cases, CV408-224 & CV415-283. "Cr. doc." refers to documents filed in movant's criminal case, CR405-008.

[2] He pled guilty to one count of possession of a firearm by a convicted felon. Cr. docs. 29 & 30. Applying the Armed Career Criminal Act ("ACCA"), the district judge sentenced him to 220 months' imprisonment. Cr. doc. 36 & 37. He appealed, claiming that the district judge erred by calculating his total offense level at 32 rather than 31 under the United States Sentencing Guidelines ("U.S.S.G."). *United States v. Bennett*, 472 F.3d 825, 834-35 (11th Cir. 2006). That court agreed and remanded

later, he raises a *Johnson*[3] claim within a 28 U.S.C. § 2241 petition filed in another district. That court has since transferred the petition here. CV415-283, doc. 1. Bennett argues that

> [p]ursuant to new case law [presumably, *Johnson*] and the facts of the case, the weapon [forming the basis of his "possession"conviction] was *not* determined to be wholly owned by the Petitioner. It was found in the vehicle that Petitioner was *riding in* at the time of the stop. There were two individuals in the car. The "residual clause" was determined. However, in light of [*Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015)] which was not available to the Petitioner, the catchall definition of the "residual clause" was found to be unconstitutionally vague."

Doc 1 at 3 (emphasis original).

He further contends that the ACCA enhancement to his sentence[4] is invalid since, under *Johnson*, he was convicted of only one violent

---

the case for resentencing with a total offense level of 31. *Id.* at 835. The district judge resentenced Bennett to 194 months' imprisonment, and Bennett once again appealed. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). *United States v. Bennett*, 265 F. App'x 753, 754 (11th Cir. 2008). The Eleventh Circuit affirmed his corrected sentence. *Id.*

[3] *See Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2557-58 (2015) (sentencing enhancements imposed under the Armed Career Criminal Act's (ACCA's) residual clause violate due process).

[4] "Under the ACCA, defendants receive enhanced sentencing if they are convicted under 18 U.S.C. § 922(g) and have three prior convictions that are violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1)." *Harris v. United States*, 2015 WL 7075287 at * 2 (N.D. Ala. Nov. 13, 2015). The ACCA defines a "violent felony" as an offense punishable by imprisonment for more than one year which "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to

2

felony, not the three required for an ACCA enhancement. Doc 1 at 3. He invokes § 2255's "savings clause" to ply his claims under § 2241. *Id.* at 5.

The transferor court ruled that Bennett in substance advances a § 2255 motion, not a § 2241 petition, and § 2255(e)'s savings clause option (which authorizes relief under § 2241) does not apply because the § 2255 remedy is *not* "inadequate" within the meaning of § 2255(e). Doc. 5 at 3-

---

another." 18 U.S.C. § 924(e)(2)(B). The *Johnson* court found ACCA's "residual clause" to be unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58.

Six circuits have held (two via government concession) that that *Johnson* announced a new rule of constitutional law, but they split over whether and how it applies retroactively on collateral review. *In re Williams*, ___ F.3d ___ 2015 WL 7074261 at * 2 (5th Cir. Nov. 12, 2015) 2 (*Johnson* was not a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, as would provide exception to the general bar to retroactivity of new rules on collateral review of convictions and sentences); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) ("There is no escaping the logical conclusion that the Court itself has made *Johnson* categorically retroactive to cases on collateral review."); *In re Rivero*, 797 F.3d 986, 990 (11th Cir. 2015) (*Johnson* announced a new rule but there are two types to be applied retroactively on collateral review "and the new rule announced in *Johnson* fits neither of those types," so it does not support the filing of a successive § 2255 motion); *In re Gieswein*, 802 F.3d 1143, 1145-46 (10th Cir. 2015) ("The Supreme Court has not explicitly held that the new rule in *Johnson* is retroactively applicable to cases on collateral review. . . . Our inquiry is statutorily limited to whether the Supreme Court has made the new rule retroactive to cases on collateral review."); *id.* at 1148-4 (it has not, so *Johnson* does not support a successive § 2255 motion); *Pakala v. United States*, 804 F.3d 139, 139-40 (1st Cir. 2015) (applying government concession that *Johnson* announced a new rule, retroactively applicable, thus granting leave to file a successive § 2255 motion); *Woods v. United States*, ___ F.3d ___, 2015 WL 7351939 at * 2 (8th Cir. Nov. 20, 2015) (same).

3

6. The Court concurs with that court's reasoning,[5] which means that in substance Bennett advances a successive § 2255 motion, not a viable

---

[5] Under § 2241, the transferor court was authorized to grant Bennett habeas corpus since he is a prisoner in custody in that district. 28 U.S.C. 2241(a), (d). But that power is limited by § 2255(e): § 2241 cannot be used if the movant has failed to invoke § 2255 or show that it "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The movant

> bears the burden of showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); [*Bryant v. Warden, FCC Coleman–Medium*, 738 F.3d 1253, 1263 (11th Cir. 2013)]. This statutory requirement is "the touchstone of the savings clause." *Bryant*, 738 F.3d at 1263. We have explained that "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity'" to raise his claim in the context of a § 2255 motion. *Id.* at 1272. It is by now abundantly clear that the mere fact that "a defendant faces a procedural bar in his first § 2255 motion[,] *such as a limitations period* or procedural default," does not render the § 2255 motion itself inadequate. *Id.*; *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("Our cases hold that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241.").

*Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1370 (11th Cir. 2015) (emphasis added). A § 2241 "petitioner meets the requirements of the savings clause when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)." *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1274 (11th Cir. 2014).

Bennett's *Johnson*-based claims are untimely under § 2255's one-year limitations period, § 2255(f)(1). And *Johnson* is not retroactively applicable on collateral review. *Rivero*, 797 F.3d at 990; *accord Williams*, 2015 WL 7074261 at * 2; *see also supra* n. 4. He thus cannot invoke § 2255(f)(3)'s new law exception, which means his current motion would also be untimely. *See Harris,* 2015 WL 7075287 at * 2. Again, a mere procedural bar (limitations period) does not render the § 2255 remedy inadequate. Bennett therefore has not shown that he is entitled to invoke the savings clause, and thus § 2241. *See Gregory v. Wilson*, 2015 WL 7571819 at * 3-4 (E.D. Va. Nov. 23, 2015).

§2241 motion. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because this is Bennett's second § 2255 motion and he never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of

5

the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 9Th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA